UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LATEE ROBINSON

                              Plaintiff,

        v.                                          DECISION AND ORDER
                                                        10-CV–326

VISCUSO, Prison Guard, et al.,

                              Defendants.

_____

        This civil rights case was referred to Magistrate Judge H. Kenneth

Schroeder, Jr. for supervision of all pretrial proceedings.  Plaintiff, proceeding *pro

se*, alleges various causes of action pursuant to 42 U.S.C. §1983 ("Section

1983") including excessive force, denial of adequate medical care, and denial of

nutritionally adequate food all in violation of the Eighth Amendment.[1]  Defendants

have filed a motion for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure.  (Dkt. No. 21)

        On July 15, 2013, Magistrate Judge Schroeder issued a Report,

Recommendation and Order recommending that defendants' motion for summary

_____

        [1]  Plaintiff's initial complaint asserted 18 separate causes of action against over
seventy New York State Department of Corrections and Community Supervision
("DOCCS") employees based upon incidents occurring at various jails from July 2006
through January 2010.  On August 16, 2010, this Court issued a Decision and Order
severing 12 of plaintiff's claims and transferring them to the Southern and Northern
Districts of New York and dismissing with prejudice three causes of action for failure to
state a claim upon which relief may be granted.  Thus, only plainitff's remaining viable
claims are discussed herein.

judgment be granted in part and denied in part.  (Dkt. No. 45)  Specifically,

Magistrate Judge Schroeder recommended the following: (1) that defendant's

motion for summary judgment be granted with respect to plaintiff's claim alleging

excessive force and denial of adequate medical treatment based upon the

incident at Five Points Correctional Facility on April 19, 2009; (2) that defendant's

motion for summary judgment be granted with respect to plaintiff's claim alleging

denial of adequate medical treatment based upon the incident at Five Points

Correctional Facility on April 20, 2009; (3) that defendant's motion for summary

judgment be denied to the extent it seeks to dismiss the Eighth Amendment claim

against defendants Hill and Hibsch based upon their alleged use of excessive

force on April 20, 2009; (4) that defendants' motion for summary judgment be

granted to the extent it seeks dismissal of the excessive force claims against

defendants Bascom, Matice, Gould and Brown based upon the incident on April

20, 2009, due to the lack of evidence indicating that they were personally

involved in the events related to this claim; and (5) that defendants' motion for

summary judgment be granted to the extent it seeks dismissal of plaintiff's claim

that he was denied nutritionally adequate food, based upon plaintiff's failure to

exhaust administrative remedies.

      Plaintiff filed objections to the Report, Recommendation and Order on July

29, 2013.  (Dkt. No. 46)  Defendants filed a response on September 20, 2013.

(Dkt. No. 49) [2]  The Court deemed the matter submitted without oral argument.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon *de novo* review, and after reviewing the submissions from the parties, the Court hereby adopts Magistrate Judge Schroeder's Report and Recommendation granting in part and denying in part defendants' motion for summary judgment.[3]

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report, Recommendation and Order, summary judgment is granted in part and denied in part.  Defendants' motion is denied to the extent it seeks dismissal of Plaintiff's excessive force claims against defendants Hill and Hibsch based upon the April 20, 2009 incident.  Defendants' motion for summary judgment is otherwise granted in all respects.

The matter is referred back to Magistrate Judge Schroeder for a determination as to whether the parties are interested in engaging in settlement negotiations or would consent to a trial before the Magistrate Judge.

---

[2]  Defendants do not object to the Magistrate Judge's recommendation to deny summary judgment as to plaintiff's excessive force claim with respect to defendants Hill and Hibsch based upon the April 20, 2009 incident.

[3]To accept the report and recommendation of a magistrate, to which no objection has been made, a district court need only satisfy itself that there is "no clear error on the face of the record." *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997).  The Court also fully adopts the Magistrate's findings to which no objections have been made.

SO ORDERED.

*s/ Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:   September 30, 2013