**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LATEE ROBINSON,**

                              **Plaintiff,**

                **-vs-**                                     **10-CV-326A(Sr)**

**VISCUSO, Prison Guard, et al.,**

                              **Defendants.**

---

**DECISION AND ORDER**

By Order entered September 30, 2013, the Court granted defendants' motion for summary judgment except with respect to plaintiff's claim that Corrections Officers Hill and Hibsch used excessive force against plaintiff at the Five Points Correctional Facility on April 20, 2009.  Dkt. #45, pp.15-17 & Dkt. #50.  The parties subsequently consented to jurisdiction by the undersigned, who scheduled this matter for trial by jury commencing June 24, 2014.  Dkt. ##57-58.

This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  In addition, pursuant to 28 U.S.C. § 1915(e)(1), courts have the inherent authority to assign counsel to represent indigent litigants.

More importantly, each lawyer - especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice - has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor.  New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25.  "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged."  EC 2-25.  In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties.  Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Beverly Braun, Esq., Associate, Jaeckle Fleischmann & Mugel, LLP 200 Delaware Avenue, Suite 900, Buffalo, NY 14202-2107, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to provide Ms. Braun a copy of this Order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.  This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: www.nywd.uscourts.gov.  The Chief Judge of the Court will also issue

an Order directing PACER to waive its fees so *pro bono* counsel can access and print at no cost to her or her firm any other documents filed herein that she may need.

**SO ORDERED.**

DATED:   Buffalo, New York
April 8, 2014

                                        **s/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**